**Bernard RHODES, Plaintiff–Appellant,**

v.

**Jacques C. HIRSCHLER; et al., Defendants—Appellees.**

**No. 01–15324.**

**D.C. No. CV–99–0631–GEB (GGH).**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Bernard Rhodes, a California state prisoner, appeals pro se the district court's summary judgment for defendants in Rhodes's 42 U.S.C. § 1983 action alleging prison officials violated the Eighth Amendment by denying him a second opinion regarding treatment for Hepatitis C and violated the Americans with Disabilities Act (ADA) by refusing to grant him the privileges afforded prisoners who are totally disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.

The district court properly granted summary judgment for defendants on Rhodes's Eighth Amendment claims because Rhodes did not raise any genuine issues of material fact as to whether he suffered from a serious medical need that prison officials failed to address or as to whether prison officials acted with deliberate indifference. *See McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997).

The district court properly granted summary judgment for defendants on Rhodes's ADA claims because the prison's determination that Rhodes is not completely disabled is entitled to deference and because Rhodes did not present evidence to the contrary sufficient to raise a triable issue of material fact. *See Olmstead v. L.C.*, 527 U.S. 581, 610, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) (Kennedy, J. concurring); *Zukle v. Regents*, 166 F.3d 1041, 1047–48 (9th Cir.1999).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.